EAST BATON ROUGE PARISH   C-704359
Filed Feb 02, 2021        26
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.                                        DIVISION " "

TYLER HARP

VERSUS

GARRET THOMPSON, GEICO CASUALTY COMPANY AND PROGRESSIVE
PALOVERDE INSURANCE COMPANY

FILED _____                DEPUTY CLERK _____

## PETITION FOR DAMAGES

**Tyler Harp,** (hereinafter referred to as "Petitioner"), a person of the full age of majority

and a domiciliary of the Parish of East Baton Rouge, State of Louisiana, respectfully avers that:

### I.

Made Defendants herein are:

A)   **GARRET THOMPSON** (hereinafter referred to as "Defendant")
     a person of the full age of majority and a resident of the County of
     Madison, State of Alabama and driver of the 2007 Dodge Ram
     involved in the subject accident;

B)   **GEICO CASUALTY COMPANY** (hereinafter referred to as
     "Geico") a foreign insurance company authorized to do and doing
     business in the State of Louisiana who at all relevant times herein
     provided a policy of liability insurance covering the 2007 Dodge
     Ram involved in the subject accident;

C)   **PROGRESSIVE PALOVERDE INSURANCE COMPANY**
     hereinafter referred to as "Progressive") upon information and belief
     to be a foreign insurance agency authorized to do and doing business
     in the State of Louisiana, who at all relevant times mentioned
     hereinafter provided a policy of uninsured/underinsured motorist
     coverage to Petitioner.

### II.

Petitioner avers venue is proper in East Baton Rouge Parish, pursuant to LA CCP Article

74 because an action to recover damages for an offense may be brought in the Parish where the

wrongful conduct occurred or where the damages were sustained, and at all pertinent times

Exhibit A

mentioned herein, the accident occurred and the damages were sustained in East Baton Rouge Parish.

### III.

On or about February 3, 2020, Petitioner, Tyler Harp, was operating his 2020 Tesla Model 3 and traveling North in the right turn lane on Perkins Road in Baton Rouge, Louisiana. At the same time, Defendant, Garret Thompson, was operating a 2007 Dodge Ram and initially traveling south on Perkins Road. As Defendant attempted to turn left to go across Perkins Road into a private driveway, he failed to yield to oncoming traffic and ultimately struck Petitioner's vehicle. As a result of the above described accident, Petitioner suffered severe and debilitating injuries.

### IV.

Petitioner avers that Defendant is liable for her own negligence under Article 2315 of the Louisiana Civil Code and for things in her care, custody, and control, namely the 2007 Dodge Ram and under Article 2317 of the Louisiana Civil Code.

### V.

Petitioner avers that at all material times herein, Geico had in full force and effect a policy of liability insurance insuring the 2007 Dodge Ram driven by Defendant, and as such, the liability of Defendant is imputed and imputable to Geico by virtue of the terms and conditions of said policy.

### VI.

Petitioner avers that at the time of the accident in question there was in full force and effect a policy of uninsured/underinsured motorist coverage issued by Progressive, which policy provided uninsured/underinsured coverage for Petitioner herein, and in the event that the value of the damages sustained by Petitioner exceeds the coverage amount provided by Geico, that coverage be sought out from Progressive.

### VII.

Petitioners avers that the sole and proximate cause of the injuries and damages sustained by Petitioner was the individual, joint, solidary, concurrent and/or successive negligence of Defendant which negligence includes but is not limited, to wit:

a.  failure to maintain a proper look-out;

b.  failure to observe Petitioner's vehicle in due time in order to avoid striking same;

Exhibit A

    c.   failure to observe due caution;

    d.   driving in a careless and reckless manner;

    e.   failure to maintain control of his vehicle;

    g.   striking Petitioner's vehicle;

    h.   failure to exercise reasonable vigilance;

    i.   failure to yield;

    j.   any and all other acts of negligence which may be proven at trial of this matter.

### VIII.

Petitioner avers that as a result of the accident made subject of this litigation, he sustained the following non-exclusive damages to-wit:

    a.   Past, present and future pain and suffering;

    b.   Past, present and future medical expenses;

    c.   Past, present and future lost wages;

    d.   Loss of use of vehicle;

    e.   Diminished value to his vehicle;

    f.   Loss earning capacity; and

    g.   Any and all other damages which may be proven at the trial of this matter.

### IX.

At the trial of this matter, it shall be necessary to call upon expert witnesses to give testimony, and the cost of these experts should be taxed as costs of Court and paid by the Defendants.

### X.

Petitioner avers amicable demand, to no avail.

**WHEREFORE**, Petitioner, **Tyler Harp**, prays that this Petition be filed and that Defendants, **Garret Thompson, Geico Casualty Company and Progressive Paloverde Insurance Company** be duly cited and served with a copy of same, to appear and answer same and after due proceedings had, there be judgment herein in favor of Petitioner, **Tyler Harp**, and against Defendants, **Garret Thompson, Geico Casualty Company and Progressive Paloverde Insurance Company**, jointly, severally or *in solido* in an amount reasonably calculated to compensate Petitioner for his damages, together with legal interest thereon, from date of judicial

Exhibit A

demand until paid, all costs of the proceedings, and all general and equitable relief.

Respectfully submitted,

COSSÉ LAW FIRM, LLC

LANCE L. ENGOLIA #38732
IRVY E. COSSÉ, III #23694
1515 Poydras Street, Suite 1825
New Orleans, Louisiana 70112
Telephone: (504) 588-9500
Facsimile: (504) 588-2114
*Attorneys for Plaintiff, Tyler Harp*

**PLEASE SERVE:**

**GEICO CASUALTY COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La 70809

**PROGRESSIVE PALOVERDE INSURANCE COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La 70809

**TO BE SERVED VIA LOUISIANA LONG-ARM:**

**GARRET THOMPSON**
115 Rockhaven Drive
Madison, AL 35757

Exhibit A

Feb/02/2021 3:41:57 PM    NEXTIVA->2253893392    Page: 1
02/2/2021  02:32 PM   TO:12253893392  FROM:5045882114      Page: 1

# Fax Transmission

EAST BATON ROUGE PARISH    C-704359
Filed Feb 02, 2021            26
Deputy Clerk of Court

| | |
|---|---|
| **To:** | **From:** Cosse Law Firm |
| **Fax:** 12253893392 | **Date:** 2/2/2021 3:32:44 PM CST |
| **RE:** PFD Tyler Harp | **Pages:** 5 |

**Comments:**

Please file and return associated filing fees.

Thanks,

Lance L. Engolia
Coss  Law Firm, L.L.C.
1515 Poydras Street
Suite 1825
New Orleans, La. 70112
Cell: (985)-773-3407
Office: (504)-588-9500
Fax: (504)-588-2114

--

Exhibit A

```
                              TX Result Report                              P   1
                                                                02/03/2021 07:43
                                                     Serial No.  AC75D11000372
                                                            TC:       13972
```

| Addressee | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 915045882114 | 02-03 07:42 | 00:00:42 | 001/001 | OK | |

Note
TMR:Timer TX, POL:Polling, ORG:Original Size Setting, FME:Frame Erase TX,
DRG:Page Separation TX, MIX:Mixed Original TX, CALL:Manual TX, CSRC:CSRC,
FWD:Forward, PRT:Print, DUP:Double-Sided Binding Direction, SP:Special Original,
ECODE:E-Code, RTX:Re-TX, RLY:Relay, MBX:Confidential, BUL:Bulletin,
IPADR:IP Address Fax, I-FAX:Internet Fax IP-FAX: IP-FAX(SIP)

Result
OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No.Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full, LOVR:Receiving Length Over,
POVR:Receiving Page Over, FIL:File Error, DC:Decode Error, MDN:MDN Response Error,
DSN:DSN Response Error, PRINT:Compulsory Memory Document Print,
DEL:Compulsory Memory Document Delete, SEND:Compulsory Memory Document Send.



## Doug Welborn
Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

### FAX RECEIPT

**FROM: SUIT ACCOUNTING DEPARTMENT**                    Date: FEBRUARY 2, 2021

**FAX NUMBER: (225) 389-3392**                           Suit No.: C-704359

**To: LANCE L. ENGOLIA, JR.**                            Section: 26

**TYLER HARP VS GARRET THOMPSON, ET AL**

**Total Amount Due (includes all applicable fees below) $801.00**

901-COVER LETTER                                          1 PAGE
1002-PET- DAMAGES -CIV                                    4 PAGES

The Clerk's office received the above mentioned documents by facsimile transmission dated 2/2/21, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Ayaunna Collins*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept, Form #9 Rev, 09/26/14

**Exhibit A**

EAST BATON ROUGE PARISH
Filed Feb 03, 2021 2:32 PM
Deputy Clerk of Court
FAX Received Feb 02, 2021

C-704359
26

Case 3:21-cv-00236-JWD-SDJ    Document 1-1    04/22/21    Page 7 of 32

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption: _Tyler Harp_

vs.

_Garret Thompson_

Court: _19th JDC_    Docket Number: _C-704359_

Parish of Filing: _East Baton Rouge_ Filing Date: _2-2-21_

Name of Lead Petitioner's Attorney: _Lance Engolia_

Name of Self-Represented Litigant: _____

Number of named petitioners: _1_    Number of named defendants: _3_

Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

| | |
|---|---|
| X Auto: Personal Injury | X Auto: Property Damage |
| __ Auto: Wrongful Death | X Auto: Uninsured Motorist |
| __ Asbestos: Property Damage | __ Asbestos: Personal Injury/Death |
| __ Product Liability | __ Premise Liability |
| __ Intentional Bodily Injury | __ Intentional Property Damage |
| __ Intentional Wrongful Death | __ Unfair Business Practice |
| __ Business Tort | __ Fraud |
| __ Defamation | __ Professional Negligence |
| __ Environmental Tort | __ Medical Malpractice |
| __ Intellectual Property | __ Toxic Tort |
| __ Legal Malpractice | __ Other Tort (describe below) |
| __ Other Professional Malpractice | __ Redhibition |
| __ Maritime | __ Class action (nature of case) |
| __ Wrongful Death | |
| __ General Negligence | |

Please briefly describe the nature of the litigation in one sentence of additional detail:
_Petitioner was traveling North on Perkins Rd in Baton Rouge._
_As Defendant attempted to turn left to go across Perkins Rd._
_into a private driveway, he failed to yield and struck Petitioner._
Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:
Name _Lance Engolia_    Signature _____

Address _1515 Poydras St. Suite 1825, New Orleans, LA 70112_

Phone number: _504-588-9500_  E-mail address: _lance@cosselaw.com_

Exhibit A

EAST BATON ROUGE PARISH
C-704359
26
Filed Feb 03, 2021 3:02 PM
Deputy Clerk of Court
FAX Received Feb 02, 2021

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO.                                                    DIVISION " "

TYLER HARP

VERSUS

GARRET THOMPSON, GEICO CASUALTY COMPANY AND PROGRESSIVE
PALOVERDE INSURANCE COMPANY

FILED _____                       _____ DEPUTY CLERK

---

**PETITION FOR DAMAGES**

---

**Tyler Harp,** (hereinafter referred to as "Petitioner"), a person of the full age of majority

and a domiciliary of the Parish of East Baton Rouge, State of Louisiana, respectfully avers that:

**I.**

Made Defendants herein are:

A)   **GARRET THOMPSON** (hereinafter referred to as "Defendant")
     a person of the full age of majority and a resident of the County of
     Madison, State of Alabama and driver of the 2007 Dodge Ram
     involved in the subject accident;

B)   **GEICO CASUALTY COMPANY** (hereinafter referred to as
     "Geico") a foreign insurance company authorized to do and doing
     business in the State of Louisiana who at all relevant times herein
     provided a policy of liability insurance covering the 2007 Dodge
     Ram involved in the subject accident;

C)   **PROGRESSIVE PALOVERDE INSURANCE COMPANY**
     hereinafter referred to as "Progressive") upon information and belief
     to be a foreign insurance agency authorized to do and doing business
     in the State of Louisiana, who at all relevant times mentioned
     hereinafter provided a policy of uninsured/underinsured motorist
     coverage to Petitioner.

**II.**

Petitioner avers venue is proper in East Baton Rouge Parish, pursuant to LA CCP Article

74 because an action to recover damages for an offense may be brought in the Parish where the

wrongful conduct occurred or where the damages were sustained, and at all pertinent times

Exhibit A

mentioned herein, the accident occurred and the damages were sustained in East Baton Rouge Parish.

### III.

On or about February 3, 2020, Petitioner, Tyler Harp, was operating his 2020 Tesla Model 3 and traveling North in the right turn lane on Perkins Road in Baton Rouge, Louisiana. At the same time, Defendant, Garret Thompson, was operating a 2007 Dodge Ram and initially traveling south on Perkins Road. As Defendant attempted to turn left to go across Perkins Road into a private driveway, he failed to yield to oncoming traffic and ultimately struck Petitioner's vehicle. As a result of the above described accident, Petitioner suffered severe and debilitating injuries.

### IV.

Petitioner avers that Defendant is liable for her own negligence under Article 2315 of the Louisiana Civil Code and for things in her care, custody, and control, namely the 2007 Dodge Ram and under Article 2317 of the Louisiana Civil Code.

### V.

Petitioner avers that at all material times herein, Geico had in full force and effect a policy of liability insurance insuring the 2007 Dodge Ram driven by Defendant, and as such, the liability of Defendant is imputed and imputable to Geico by virtue of the terms and conditions of said policy.

### VI.

Petitioner avers that at the time of the accident in question there was in full force and effect a policy of uninsured/underinsured motorist coverage issued by Progressive, which policy provided uninsured/underinsured coverage for Petitioner herein, and in the event that the value of the damages sustained by Petitioner exceeds the coverage amount provided by Geico, that coverage be sought out from Progressive.

### VII.

Petitioners avers that the sole and proximate cause of the injuries and damages sustained by Petitioner was the individual, joint, solidary, concurrent and/or successive negligence of Defendant which negligence includes but is not limited, to wit:

    a.   failure to maintain a proper look-out;

    b.   failure to observe Petitioner's vehicle in due time in order to avoid striking same;

Exhibit A

    c.   failure to observe due caution;

    d.   driving in a careless and reckless manner;

    e.   failure to maintain control of his vehicle;

    g.   striking Petitioner's vehicle;

    h.   failure to exercise reasonable vigilance;

    i.   failure to yield;

    j.   any and all other acts of negligence which may be proven at trial of this matter.

## VIII.

Petitioner avers that as a result of the accident made subject of this litigation, he sustained the following non-exclusive damages to-wit:

    a.   Past, present and future pain and suffering;

    b.   Past, present and future medical expenses;

    c.   Past, present and future lost wages;

    d.   Loss of use of vehicle;

    e.   Diminished value to his vehicle;

    f.   Loss earning capacity; and

    g.   Any and all other damages which may be proven at the trial of this matter.

## IX.

At the trial of this matter, it shall be necessary to call upon expert witnesses to give testimony, and the cost of these experts should be taxed as costs of Court and paid by the Defendants.

## X.

Petitioner avers amicable demand, to no avail.

**WHEREFORE,** Petitioner, **Tyler Harp,** prays that this Petition be filed and that Defendants, **Garret Thompson, Geico Casualty Company and Progressive Paloverde Insurance Company** be duly cited and served with a copy of same, to appear and answer same and after due proceedings had, there be judgment herein in favor of Petitioner, **Tyler Harp,** and against Defendants, **Garret Thompson, Geico Casualty Company and Progressive Paloverde Insurance Company,** jointly, severally or ***in solido*** in an amount reasonably calculated to compensate Petitioner for his damages, together with legal interest thereon, from date of judicial

Exhibit A

demand until paid, all costs of the proceedings, and all general and equitable relief.

Respectfully submitted,

COSSÉ LAW FIRM, LLC

LANCE L. ENGOLIA #38732
IRVY E. COSSÉ, III #23694
1515 Poydras Street, Suite 1825
New Orleans, Louisiana 70112
Telephone: (504) 588-9500
Facsimile: (504) 588-2114
*Attorneys for Plaintiff, Tyler Harp*

**PLEASE SERVE:**

**GEICO CASUALTY COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La 70809

**PROGRESSIVE PALOVERDE INSURANCE COMPANY**
Through its registered agent for service of process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La 70809

**TO BE SERVED VIA LOUISIANA LONG-ARM:**

**GARRET THOMPSON**
115 Rockhaven Drive
Madison, AL 35757

Exhibit A

EAST BATON ROUGE PARISH
Filed Feb 03, 2021 2:32 PM
Deputy Clerk of Court
FAX Received Feb 02, 2021

C-704359
26

Case 3:21-cv-00236-JWD-SDJ    Document 1-1    04/22/21    Page 12 of 32

02/03/2021 07:42    #720 P.001/001



# Doug Welborn
### Clerk of Court
### 19ᵗʰ Judicial District
### Parish of East Baton Rouge

P.O. Box 1991

Baton Rouge, La 70821-1991

Telephone: (225) 389-3982

Fax: (225) 389-3392

www.ebrclerkofcourt.org

## FAX RECEIPT

**FROM: SUIT ACCOUNTING DEPARTMENT**          Date: FEBRUARY 2, 2021

**FAX NUMBER: (225) 389-3392**                Suit No.: C-704359

**To: LANCE L. ENGOLIA, JR.**                Section: 26

**TYLER HARP VS GARRET THOMPSON, ET AL**

**Total Amount Due (Includes all applicable fees below) $801.00**

901-COVER LETTER                             1 PAGE
1002-PET- DAMAGES -CIV                       4 PAGES

The Clerk's office received the above mentioned documents by facsimile transmission dated 2/2/21, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Ayauna Collins*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept. Form #6 Rev. 08/26/14

**RETURN COPY**



D5868666

## CITATION

TYLER HARP
(Plaintiff)

VS

GARRET THOMPSON, ET AL
(Defendant)

NUMBER C-704359  SEC. 26

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  **PROGRESSIVE PALOVERDE INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **FEBRUARY 3, 2021.**

*Layla Attuan*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: ENGOLIA, JR., LANCE L.
(504) 588-9500

*The following documents are attached:
**PETITION FOR DAMAGES**

### SERVICE INFORMATION:

Received on the _____ day of _____; 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____

**DUE AND DILIGENT:**       After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGES:_____
TOTAL:  $_____

Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

*I made service on the named party through the Office of the Secretary of State on*

FEB 09 2021
*by tendering a copy of this document to*
KATHY DARDEN

BY E. CUMMINS #1155
*Deputy Sheriff, Parish of East Baton Rouge, Louisiana*
RECEIVED DATE

FEB 08 2021

E.B.R. Sheriff Office

**Exhibit A**

**RETURN COPY**



D5868708

## CITATION

TYLER HARP
(Plaintiff)

VS

GARRET THOMPSON, ET AL
(Defendant)

NUMBER C-704359   SEC. 26

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:    GEICO CASUALTY COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **FEBRUARY 3, 2021.**

Deputy Clerk of Court for
Doug Welborn, Clerk of Court

Requesting Attorney: ENGOLIA, JR., LANCE I.
(504) 588-9500

*The following documents are attached:
PETITION FOR DAMAGES

SERVICE INFORMATION

Received on the _____ day of _____, 20____ and on the _____, 20____, served on the above named party as follows:
PERSONAL SERVICE:  On the party herein named at _____

DOMICILIARY SERVICE:  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGES $_____
TOTAL:  $ _____

Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

RECEIVED
DATE
FEB 0 8 2021
E.B.R. Sheriff Office

Exhibit A

**RETURN COPY**



D5868708

# CITATION

| | |
|---|---|
| **TYLER HARP**<br>(Plaintiff) | **NUMBER C-704359   SEC. 26** |
| **VS** | **19th JUDICIAL DISTRICT COURT** |
| **GARRET THOMPSON, ET AL**<br>(Defendant) | **PARISH OF EAST BATON ROUGE**<br><br>**STATE OF LOUISIANA** |

**TO:    GEICO CASUALTY COMPANY**
**THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:**
**LOUISIANA SECRETARY OF STATE**

GREETINGS:

Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **FEBRUARY 3, 2021.**

Deputy Clerk of Court for
**Doug Welborn, Clerk of Court**

Requesting Attorney: ENGOLIA, JR., LANCE I.
(504) 588-9500

*The following documents are attached:
**PETITION FOR DAMAGES**

SERVICE INFORMATION

Received on the _____ day of _____, 20____ and on the _____, 20____, served on the above named party as follows:
**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:**  By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**     After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:**  Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGE$_____                    _____
TOTAL:   $ _____                    Deputy Sheriff
                                       Parish of East Baton Rouge

**CITATION-2000**

RECEIVED DATE
FEB 0 8 2021
E.B.R. Sheriff Office

Exhibit A

**RETURN COPY**

D5868666

# CITATION

**TYLER HARP**
**(Plaintiff)**

**VS**

**GARRET THOMPSON, ET AL**
**(Defendant)**

**NUMBER C-704359 SEC. 26**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

**TO: PROGRESSIVE PALOVERDE INSURANCE COMPANY**
**THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:**
**LOUISIANA SECRETARY OF STATE**

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **FEBRUARY 3, 2021.**

SEAL OF THE CLERK OF THE PARISH OF EAST BATON ROUGE, LA

Layla Atwan

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: ENGOLIA, JR., LANCE L.**
**(504) 588-9500**

*The following documents are attached:
**PETITION FOR DAMAGES**

**SERVICE INFORMATION:**

Received on the _____ day of ______________, 20____ and on the ________ day of ______________, 20_____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at ______________________________.

**DOMICILIARY SERVICE:** On the within named __________________________, by leaving the same at his domicile in this parish in the hands of ____________________, a person of suitable age and discretion residing in the said domicile at ____________________

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to ____________

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named ____________________ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this ________ day of ____________, 20_____.

I made service on the named party through the Office of the Secretary of State on FEB 09 2021 by tendering a copy of this document to KATHY DARDEN

DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

SERVICE:$ ________
MILEAGE$ ________
TOTAL: $ ________

Deputy Sheriff
Parish of East Baton Rouge

CITATION-2000

RECEIVED DATE
FEB 08 2021
E.B.R. Sheriff Office

Exhibit A

RETURN COPY



D5868708

# CITATION

TYLER HARP
(Plaintiff)

NUMBER C-704359   SEC. 26

19th JUDICIAL DISTRICT COURT

VS

PARISH OF EAST BATON ROUGE

GARRET THOMPSON, ET AL
(Defendant)

STATE OF LOUISIANA

TO:    GEICO CASUALTY COMPANY
       THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
       LOUISIANA SECRETARY OF STATE

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being
sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received
these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at
300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file
an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further
notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **FEBRUARY 3, 2021.**

_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

Requesting Attorney: ENGOLIA, JR., LANCE I.
                     (504) 588-9500

*The following documents are attached:
PETITION FOR DAMAGES

SERVICE INFORMATION

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as
follows:
PERSONAL SERVICE:  On the party herein named at _____.

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of
_____, a person of suitable age and discretion residing in the said domicile at _____.

SECRETARY OF STATE:  By tendering same to the within named, by handing same to _____.

DUE AND DILIGENT:    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone
legally authorized to represent him.

RETURNED:  Parish of East Baton Rouge, this _____ day of _____, 20____.

SERVICE:$_____
MILEAGES_____              _____
TOTAL:  $_____                    Deputy Sheriff
                               Parish of East Baton Rouge

**CITATION-2000**

RECEIVED
DATE
FEB 0 8 2021
E.B.R. Sheriff Office

Exhibit A

**RETURN COPY**



**D5868666**

## CITATION

**TYLER HARP**
(Plaintiff)

**VS**

**GARRET THOMPSON, ET AL**
(Defendant)

**NUMBER C-704359  SEC. 26**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:  **PROGRESSIVE PALOVERDE INSURANCE COMPANY**
**THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:**
**LOUISIANA SECRETARY OF STATE**

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **FEBRUARY 3, 2021.**

*Layla Attnan*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: ENGOLIA, JR., LANCE L.
(504) 588-9500

*The following documents are attached:
**PETITION FOR DAMAGES**

<hr/>

### SERVICE INFORMATION:

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____, served on the above named party as follows:
PERSONAL SERVICE: On the party herein named at _____

DOMICILIARY SERVICE: On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____

SECRETARY OF STATE: By tendering same to the within named, by handing same to _____

DUE AND DILIGENT:  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

RETURNED:  Parish of East Baton Rouge, this _____ day of _____, 20_____

SERVICE:$_____
MILEAGES:$_____
TOTAL:   $_____

Deputy Sheriff
Parish of East Baton Rouge

**CITATION-2000**

*I made service on the named party through the Office of the Secretary of State on*

FEB 09 2021

*by tendering a copy of this document to*

KATHY DARDEN

DY. E. CUMMINS #1155
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

RECEIVED
DATE

FEB 08 2021

E.B.R. Sheriff Office

<span style="color:red">Exhibit A</span>

EAST BATON ROUGE PARISH C-704359
Filed Feb 25, 2021 12:15 PM 26
Deputy Clerk of Court

TYLER HARP

VERSUS

GARRET THOMPSON, GEICO
CASUALTY COMPANY AND
PROGRESSIVE PALOVERDE
INSURANCE COMPANY

DOCKET NO. C-704359   DIV. 26

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

*************************************************************************

## REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to send to us, as counsel of record for **GEICO Casualty Company,** written notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on exceptions, rules, or on the merits thereof, or any assignment of fixing of said case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby also requested to send to us immediately notice of any order or judgment made or rendered in this case, upon the entry of such order or judgment.

This request for notice is made with full reservation of all rights, and we thank you for your customary courtesy and cooperation.

Respectfully submitted,

SCHUTTE, TERHOEVE, RICHARDSON,
EVERSBERG, CRONIN, JUDICE
& BOUDREAUX

By: _____
SEAN P. AVOCATO (36144)
501 Louisiana Avenue
Baton Rouge, LA  70802
Telephone: 225-387-6966
Fax: 225-387-8224
Email: SAvocato@501LA.com
*Attorneys for GEICO Casualty Company*

Exhibit A

TYLER HARP                                    DOCKET NO. C-704359  DIV. 26

VERSUS                                        19TH JUDICIAL DISTRICT COURT

GARRET THOMPSON, GEICO
CASUALTY COMPANY AND                          PARISH OF EAST BATON ROUGE
PROGRESSIVE PALOVERDE
INSURANCE COMPANY                             STATE OF LOUISIANA
*******************************************************************************

<u>ANSWER TO PETITION FOR DAMAGES</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant, **GEICO Casualty Company** (herein after "GEICO"), which responds to the Plaintiff's Petition for Damages ("Petition") as follows:

1.

The allegations in Paragraph 1 of the Petition are denied, except to admit the status of GEICO as a foreign insurance company authorized to do and doing business in the State of Louisiana.

2.

The statements contained in Paragraph 2 of the Petition are statements of law and do not require a response by this defendant, but, in an abundance of caution, the statements contained therein are denied except to admit, based upon information and belief, the subject alleged wrongful conduct occurred in East Baton Rouge Parish.

3.

The allegations contained in Paragraph 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

4.

The statements contained in Paragraph 4 of the Petition are statements of law and do not require a response by this defendant, but, in an abundance of caution, the statements contained therein are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Petition are denied except to admit that at the time of the subject alleged accident, GEICO had in place a policy of automobile insurance, which, as a written document, is the best evidence of its terms and conditions and is made part of this Answer as if copied *in extenso*.

1

Exhibit A

6.

The allegations contained in Paragraph 6 of the Petition do not require a response by this defendant but, in an abundance of caution, the allegations contained therein are admitted.

7.

The allegations contained in Paragraph 7 and all subparts of the Petition are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 and all subparts of the Petition are denied for lack of sufficient information to justify a belief therein.

9.

The statements contained in Paragraph 9 of the Petition are statements of law and do not require a response by this defendant, but, in an abundance of caution, the statements contained therein are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Petition are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in the unnumbered paragraph beginning with "WHEREFORE" of the Petition throughout the end of the Petition do not require a response by this defendant but, in an abundance of caution, the allegations contained therein are denied.

NOW HAVING ANSWERED the allegations of the Petition for Damages, paragraph by paragraph, this defendant further asserts, as follows:

**FIRST DEFENSE**

In the event that the injuries and damages of the Plaintiff, if any, were solely caused by the contributory negligence, comparative negligence, or assumption of the risk of the Plaintiff, then this claim should be barred. Alternatively, the damages allowed, if any, should be reduced by the percentage of fault allocated to the Plaintiff.

**SECOND DEFENSE**

To the extent that this accident was or may have been the result of the actions or inactions of third parties who are not named as Defendant(s) to this suit and over which this defendant had no authority or control, then this defendant asserts that the fault for the accident should be

2

Exhibit A

allocated to those persons or entities.

## THIRD DEFENSE

If the evidence shows that the injuries and damages to the Plaintiff, if any, pre-existed the accident, and were not aggravated by the accident, then this defendant should not be held accountable for those injuries.

## FOURTH DEFENSE

If the evidence shows that the Plaintiff has failed to mitigate its damages, then this defendant is entitled to a reduction in the amount of damages owed, if any.

## FIFTH DEFENSE

To the extent that Plaintiff's damages were caused in whole or in part by a superseding and/or intervening cause or accident, then this defendant should not be held accountable for those damages.

## SIXTH DEFENSE

This defendant asserts that it is entitled to a credit and/or offset for amounts paid to the Plaintiffs for this accident by any person or entity.

## SEVENTH DEFENSE

In the event that any of Plaintiff's medical expenses have been paid by Medicaid, Medicare, plaintiff's counsel, and/or attorney-negotiated discounts or write-offs, then this defendant, should it be cast in judgment for Plaintiff's medical expenses, is entitled to the same write off or discount, and any evidence of medical expenses that were written-off or discounted are irrelevant and should be excluded from the evidence presented in this case.

## EIGHTH DEFENSE

In the event that any portion or all of Plaintiff's claims have been assigned, subrogated or transferred in any way to any other person or entity then this defendant asserts that Plaintiff has no right of action to pursue such claims against this defendant, and the claims against this defendant should be dismissed with prejudice.

## JURY TRIAL REQUESTED

This defendant requests a trial by civil jury of all issues in this matter.

Exhibit A

WHEREFORE, Defendant, GEICO Casualty Company, respectfully prays that this Court find this Answer to be deemed good and sufficient and that, after all legal delays and a trial by jury on the merits, the Court enter a judgment dismissing Plaintiff's claims against Defendant, with prejudice, and at Plaintiff's cost.

Respectfully submitted,

**SCHUTTE, TERHOEVE, RICHARDSON, EVERSBERG, CRONIN, JUDICE & BOUDREAUX**

By: _____
SEAN P. AVOCATO (36144)
501 Louisiana Avenue
Baton Rouge, LA 70802
Telephone: 225-387-6966
Fax: 225-387-8224
Email: SAvocato@501LA.com
*Attorneys for GEICO Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has this day been faxed, emailed, and/or mailed, postage prepaid, to all known counsel of record, as follows:

Lance L. Engolia
1515 Poydras Street, Suite 1825
New Orleans, LA 70112
Facsimile: 504-588-2114
Email: Lance@cosselaw.com

Baton Rouge, Louisiana, this 25TH day of FEBRUARY, 2021

_____
SEAN P. AVOCATO

4

Exhibit A

EAST BATON ROUGE PARISH
C-704359
Filed Feb 25, 2021 12:15 PM
26
Deputy Clerk of Court

# SCHUTTE, TERHOEVE, RICHARDSON, EVERSBERG, CRONIN
# JUDICE & BOUDREAUX L.L.P.

(A Registered Limited Liability Partnership)

Charles A. Schutte, Jr. (APLC)
Keith L. Richardson†
Andrew W. Eversberg°
Stephen Dale Cronin
Valerie A. Judice
Brad M. Boudreaux
John David Ziober
Imelda Frugé
Sean P. Avocato
J. Christopher Dippel, Jr.

**ATTORNEYS AT LAW**
501 Louisiana Avenue
Baton Rouge, LA 70802
Telephone (225) 387-6966
Facsimile (225) 387-8338
Website: www.501LA.com

**Sean P. Avocato**
Direct Dial: (225) 387-8325
Direct Fax: (225) 387-8224
E-Mail: savocato@501LA.com

Carey J. Guglielmo (Retired)
Paul Marks, Jr.      (1942-2019)
Glen Scott Love      (Of Counsel)
Henry G. Terhoeve * (Of Counsel)

†Also Admitted in Georgia
°Also Admitted in Mississippi

February 25, 2021

*Also Admitted in Texas

**_VIA HAND DELIVERY_**
Doug Welborn, Clerk of Court
19th Judicial District Court
Parish of East Baton Rouge
300 North Blvd.
Baton Rouge, LA 70802

RE:   *Tyler Harp v. Garret Thompson, GEICO Casualty Company and Progressive Paloverde Insurance Company*
Suit No. C-704359, Div. A; 19th JDC; Parish of East Baton Rouge
Our File No: 0116-2031

Dear Sir:

Enclosed please find the original Answer to Petition for Damages, and Request for Written Notice on behalf of Defendant, GEICO Casualty Company, in the above-referenced matter. Please file the original into the above suit record and return one file-stamped copy of each to me via my courier.

Also, enclosed is our firm's check in the amount of $250.00 which covers the costs associated with my request. **Please provide me with a receipt generated from this filing.**

Thank you for your attention to this matter and if you have any questions, please do not hesitate to give me a call.

With best regards, I am

Very truly yours,

SEAN P. AVOCATO

SPA/sam
Enclosures
Cc:   Lance L. Engolia, Esq. (w/encl.) (*via email Lance@cosselaw.com*)

Exhibit A

19TH JUDICIAL DISTRCT COURT PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 704359                                    DIVISION: "26"

TYLER HARP

VERSUS

GARRET THOMPSON, GEICO CASUALTY COMPANY, AND PROGRESSIVE
PALOVERDE INSURANCE COMPANY

FILED: _____    _____

## REQUEST FOR NOTICE

In accordance with LSA-CCP Article 1572, Defendant, Progressive Paloverde Insurance

Company, requests that the Court give written notice by certified mail at least ten (10) days in

advance of the date fixed for the trial or hearing of this case whether on exceptions, motions, rules

or the merits.

Defendant requests immediate notice of all orders or judgments, whether interlocutory or

final, made or rendered in this case upon the rendition thereof as provided by LSA-CCP Articles

1913 and 1914, including notice of judgment, in the event this case is taken under advisement or

if the judgment is not signed at the conclusion of the trial.

Notice is to be mailed to or served on the above-named defendant through undersigned

counsel.

## CERTIFICATE OF SERVICE

Respectfully submitted,

I hereby certify that I have on this 9th
day of March, 2021, served a copy of the
foregoing on counsel for all parties to this
proceeding via electronic mail, facsimile
and/or U.S. Mail, postage pre-paid.

_____
**BRITTANY M. COURTENAY (#31846)**
**CASLER, BORDELON, LAWLER & GELDER**
1425 Airline Drive, Suite 200
Metairie, LA  70001
Direct Dial:              (504) 289-8600
Legal Assistant Dial: (504) 434-3092
Facsimile:              (866) 841-8756
*Attorney for defendant, Progressive Paloverde*
*Insurance Company*

_____
**Brittany M. Courtenay**

Exhibit A

EAST BATON ROUGE PARISH C-704359
Filed Mar 18, 2021 9:00 PM
Deputy Clerk of Court

19TH JUDICIAL DISTRCT COURT PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 704359                                    DIVISION: "26"

TYLER HARP

VERSUS

GARRET THOMPSON, GEICO CASUALTY COMPANY, AND PROGRESSIVE
PALOVERDE INSURANCE COMPANY

FILED: _____    _____

## ANSWER TO PETITION FOR DAMAGES and REQUEST FOR TRIAL BY JURY

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Progressive Paloverde Insurance Company, who respectfully avers to Plaintiff's Petition for Damages as follows:

I.

The allegations contained in Paragraph I of plaintiff's Petition for Damages are denied except to admit the status of defendant, Progressive Paloverde Insurance Company.

II.

The allegations contained in Paragraph II of plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

III.

The allegations contained in Paragraph III of plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph IV of plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph V of plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

Exhibit A

## VI.

The allegations contained in Paragraph VI of plaintiff's Petition for Damages are denied except to admit that Progressive Paloverde Insurance Company issued a policy of insurance to Tyler Harp, which policy, being a written document, is the best evidence of its terms, conditions, limitations and exclusions as if copied herein *in extenso*.

## VII.

The allegations contained in Paragraph VII of plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

## VIII.

The allegations contained in Paragraph VIII of plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

## IX.

The allegations contained in Paragraph IX of plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

## X.

The allegations contained in Paragraph X of plaintiff's Petition for Damages are denied for a lack of sufficient information to justify a belief therein.

## XI.

Defendant requests a trial by jury on all issues in this matter.

## XII.

Defendant denies any and all unnumbered and/or mis-numbered paragraphs including the "wherefore" paragraph and the prayer for relief.

And now, further answering,

### FIRST DEFENSE

Defendant submits that any policy of insurance issued by Progressive Paloverde Insurance Company is the best evidence of its terms and conditions and that said policy is specifically pled, should such exist.

Exhibit A

## SECOND DEFENSE

Defendant further avers Plaintiff's damages, if any, were caused in whole or part through

the fault of Plaintiff in the following non-exclusive particulars:

1. Failure to see what should have been seen, or seeing and failing to heed;
2. Operating the vehicle in a reckless and negligent manner;
3. Failure to act with due care;
4. Failure to yield the right of way;
5. Failure to maintain control over the vehicle;
6. Failure to keep a proper lookout;
7. Proceeding at an excessive rate of speed under the circumstances;
8. Failure to stop at a stop sign;
9. Failure to obey traffic signals;
10. Suddenly and without warning or justification, bringing the vehicle to an abrupt stop, thereby creating an emergency and hazardous situation;
11. Suddenly and without warning or justification, improperly changing lanes from left to right, or right to left, thereby creating an emergency situation for the other vehicle in the adjoining lane;
12. Following too closely;
13. Improperly changing lanes;
14. Failure to give proper signals;
15. Last clear chance;
16. Improper lane usage;
17. Failure to mitigate damages;
18. Failure to apply brakes;
19. Failure to pay attention to traffic ahead;
20. Failure to take evasive action in order to avoid the collision; and
21. Any and all other acts of negligence and/or fault which may be developed through discovery and which will be shown in the trial of this matter.

## THIRD DEFENSE

In the alternative, Defendant avers Plaintiff was comparatively negligent for knowingly

placing himself in a position of danger, and for failing to take adequate measure to prevent the

alleged accident and resulting injuries, and for failing to proceed with reasonable diligence in and

due care, which bars or mitigates any recovery herein.

## FOURTH DEFENSE

In the further alternative, Defendant avers Plaintiff's damages, if any, were the result of a

sudden emergency and/or unavoidable accident or caused by the fault of a third party for whom

Defendant is not liable and has no legal responsibility.

## FIFTH DEFENSE

Defendant avers Plaintiff failed to mitigate damages, which bars or reduces any recovery

herein.

Exhibit A

## SIXTH DEFENSE

Defendant affirmatively pleads Plaintiff was not injured by the negligence and/or fault of an uninsured driver and claims a credit for any and all policies of underlying liability and/or other insurance of any kind or nature that may be primary to the policy issued by Progressive and submits any such insurance would be more than sufficient to compensate Plaintiff for his alleged injuries and damages.

## SEVENTH DEFENSE

Garret Thompson was insured for the operation of the vehicle driven on the date of the accident sued upon by GEICO Casualty Company. Said insurance contract provided sufficient liability limits to properly compensate Plaintiff for all damages arising out of the accident sued upon. Therefore, Plaintiff is without a viable cause of action against Progressive under its alleged uninsured/underinsured motorist coverage.

## EIGHTH DEFENSE

Defendant further pleads that it is entitled to a credit and/or setoff against any sums paid or judgment rendered to or on behalf of Plaintiff equal to any and all liability insurance that provided coverage on the date of the motor vehicle accident sued upon.

Finally, Defendant reserves the right to add additional defenses as warranted by discovery and the factual developments in this case.

**WHEREFORE,** Defendant, Progressive Paloverde Insurance Company, prays that this Answer to the Petition for Damages be deemed good and sufficient; that this matter be tried by a jury; and after all legal delays and due proceedings are had that there be judgment rendered and in favor of Defendant, dismissing, with prejudice, the Petition for Damages and for all other general and equitable relief as the circumstances may dictate.

Exhibit A

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this 9th day of March, 2021, served a copy of the foregoing on counsel for all parties to this proceeding via electronic mail, facsimile and/or U.S. Mail, postage pre-paid.

_____
**Brittany M. Courtenay**

Respectfully submitted,

_____
**BRITTANY M. COURTENAY (#31846)**
**CASLER, BORDELON, LAWLER & GELDER**
1425 Airline Drive, Suite 200
Metairie, LA  70001
Direct Dial:        (504) 289-8600
Legal Assistant Dial: (504) 434-3092
Facsimile:        (866) 841-8756
*Attorney for defendant, Progressive Paloverde*
*Insurance Company*

Exhibit A

19TH JUDICIAL DISTRCT COURT PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO. 704359                                                DIVISION: "26"

TYLER HARP

VERSUS

GARRET THOMPSON, GEICO CASUALTY COMPANY, AND PROGRESSIVE
PALOVERDE INSURANCE COMPANY

FILED: _____    _____

### JURY ORDER

In accordance with Code of Civil Procedure, bond in the amount of $ __**TBD**__ .00 is to

be posted within ( __60__ ) days prior to trial or this matter will be placed as a bench trial at the end

of the docket. A Juror filing fee of $150.00 is to be deposited with the Clerk of Court. The fee is

to be deposited with the Clerk along with your request for trial date. No trial date will be given

without said deposit. This is pursuant to R.S. 13:3049 (B)(2)(a).

Baton Rouge, Louisiana, this __24__ day of __**March**__ , 2021.

_____
**Judge**
**JUDGE RICHARD "CHIP" MOORE, III**

Requested by Defendant, Progressive Paloverde Insurance Company

**Exhibit A**

# CASLER, BORDELON, LAWLER & GELDER

Not a Partnership, Not a Corporation
Attorneys at Law
**1425 Airline Drive, Suite 200**
**Metairie, LA 70001**
**Fax: (866) 841-8756**

**Brittany M. Courtenay, Esq.**
**Direct Dial: (504) 289-8600**
**Email: bcourte1@progressive.com**
**Legal Assistant: Devin J Moreau**
**Direct Dial: (504) 434-3092**
**Email: Devin_J_Moreau@Progressive.com**

SALARIED EMPLOYEES OF
PROGRESSIVE CASUALTY
INSURANCE COMPANY

March 9, 2021

Clerk of Court
19th Judicial District Court for the Parish of East Baton Rouge
300 North Boulevard
P.O. Box 1991
Baton Rouge, LA 70821

RE:   **Tyler Harp v. Garret Thompson, et al**
19th JDC for the Parish of East Baton Rouge No.: 704359; Div. "26"
Matter/Claim No.: 204387773

Dear Sir or Madam:

Please find enclosed the original and a copy of defendant's *Answer to Petition for Damages and Request for Trial by Jury, Request for Notice* and *Jury Order* for filing on behalf of Progressive Paloverde Insurance Company in the above referenced matter. I ask that you file the original and return a conformed copy to me in the self-addressed, stamped envelope provided. Also enclosed, please find a check in the amount of $350.00 to cover the cost of this request.

I thank you for your assistance in this matter.

Sincerely,

*BMc*

Brittany M. Courtenay

BMC/djm
Enclosures
cc:   Lance L. Engolia, Esq. (w/enclosure)

**Exhibit A**