## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TYLER HARP                                          CIVIL ACTION

VERSUS
                                                    NO. 21-236-SDJ
GEICO CASUALTY COMPANY, ET AL

## RULING

Before the Court is a *Motion to Remand* filed by Plaintiff, Tyler Harp.[1] Removing Defendant, GEICO Casualty Company, opposes the motion.[2]  Because the matter was timely removed, Plaintiff's motion is **DENIED**.

I.    BACKGROUND

This is a civil action involving claims for damages allegedly sustained by Plaintiff during a motor vehicle collision that occurred on February 3, 2020.[3] Plaintiff claims he was traveling "North in the right turn lane on Perkins Road in Baton Rouge, Louisiana" when "Defendant, Garret Thompson…attempted to turn left … failed to yield to oncoming traffic and ultimately struck Petitioner's vehicle."[4] Plaintiff also alleges that Thompson was covered by an insurance policy issued by GEICO Casualty Company ("GEICO") and that Plaintiff was covered by an underinsured/uninsured motorist policy issued by Progressive Paloverde Insurance Company ("Progressive").[5] On February 2, 2022, Plaintiff filed a *Petition for Damages* against Garret Thompson, GEICO, and Progressive in the Nineteenth Judicial District Court for the Parish of East

---

[1] R. Doc. 8.
[2] R. Doc. 14.
[3] *See, generally*, R. Doc. 1-1.
[4] *Id*. at ¶ 3.
[5]5 *Id.* at ¶¶5, 6.

Baton Rouge, State of Louisiana.[6] Plaintiff claims that he suffered personal injuries, property damage, and loss of earning capacity because of the collision caused by the negligence of Garret Thompson.[7] GEICO was served with the suit on February 9, 2021.[8]

GEICO filed a *Notice of Removal* on April 22, 2020, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[9] The *Notice of Removal* makes it clear that all parties are completely diverse.[10] The documents attached to the parties' pleadings also establish that the $75,000 amount in controversy is satisfied.[11] Plaintiff filed a *Motion to Remand* on May 21, 2021, contending the *Notice of Removal* is untimely under 28 U.S.C. § 1446(b) because it was filed 72 days after GEICO was served with Plaintiff's *Petition for Damages*.[12] GEICO filed a *Memorandum in Opposition to Motion to Remand*[13] on June 10, 2021, claiming that it timely filed its *Notice of Removal* because it was filed within 30 days of Plaintiff's failure to respond to its February 25, 2021 Requests for Admission. Specifically, GEICO contends the case became removable when its Request for Admission regarding the requisite jurisdictional amount of

---

[6] *Id*.

[7] *Id*. at ¶ 8.

[8] R. Doc. 1-1, p. 14-15, 17.

[9] R. Doc. 1.

[10] Plaintiff is a citizen of Louisiana (R. Doc. 1; 1-1); Garret Thompson is a citizen of Alabama (R. Doc. 1); GEICO is a citizen of Maryland and the District of Columbia (R. Doc. 1); Progressive is a citizen of Indiana and Ohio (R. Doc. 1). Progressive filed a *Consent to Removal* on April 22, 2021 (R. Doc. 1-3). GEICO represents in its *Notice of Removal* that Garret Thompson was not served at the time of removal (R. Doc. 1). This representation is not disputed by Plaintiff. Indeed, Plaintiff requested a summons in this Court on August 27, 2021 (R. Doc. 26), and submitted a Proof of Service (R. Doc. 27) on September 27, 2021. GEICO filed a Rule 12(b)(5) Motion to Dismiss for insufficient service of process on November 3, 2021 (R. Doc. 29).

[11] R. Docs. 8-2, 8-3, 14-2. Plaintiff does not dispute GEICO's representation that it failed to respond to the Requests for Admission, including request No. 2, "Admit that the amount in controversy for this matter, exclusive of interest and costs (as defined and applied for the purposes of federal diversity jurisdiction pursuant to 28 U.S.C. § 1332) exceeds $75,000.00." Plaintiff concedes that its $280,000 settlement demand (R. Doc. 8-3) was a reasonable and serious offer to the Defendant (R. Doc. 8-1). The demand lists the Plaintiff's special damages as $42,216.27 and includes a description of the Plaintiff's injuries and treatment involving multiple disc herniations in the thoracic and lumbar spine, physical therapy, epidural steroid injections, and recommendation for future rhizotomies. *See, Fairchild v. State Farm Mutual Automobile Ins. Co.,* 907 F. Supp. 969, 971 (M.D. La. 1995) (a pre-removal settlement demand is valuable evidence to indicate the amount in controversy at the time of removal).

[12] R. Doc. 8.

[13] R. Doc. 14.

$75,000 in controversy was deemed admitted on March 27, 2021. GEICO asserts removal was timely because the *Notice of Removal* was filed within 30 days of Plaintiff's failure to respond by March 27, 2021.[14]

## II.    LAW AND ANALYSIS

A party may remove an action from state court to federal court if the action is one over which the federal court has subject matter jurisdiction.[15] The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.[16] "Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[17] "Removal statutes are to be construed strictly against removal and for remand, and a failure to timely file a notice of removal is a defect that requires remand to state court."[18]

28 U.S.C. § 1446 sets forth the general procedure for removal.[19] Generally, a civil action must be removed within 30 days after the defendant received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."[20] However, if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or

---

[14] *Id.*
[15] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).
[16] *Id.* (citations omitted).
[17] *Bartel v. Am. Export Isbrandtsen*, 64 F.Supp.3d 856, 862 (M.D. La. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[18] *Delaney v. Viking Freight, Inc.*, 41 F.Supp.2d 672, 674 (E.D. Tex. 1999) (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996); *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982)) (internal citations and quotations omitted).
[19] *See, Vinson v. Sheraton Operating Corp.*, 2001 WL 1090793, at *1 (E.D. La. Sept. 14, 2001).
[20] 28 U.S.C. § 1446(b)(1).

has become removable."[21] The Fifth Circuit has held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b) [now known as 1446(b)(3) ]."[19] Additionally, in the context of § 1446(b)'s "other paper" doctrine, "a case becomes removable only when a 'voluntary act' of the plaintiff makes it ascertainable for the first time that a case is removable."[22]

With respect to the 30-day period from the defendant's receipt of the initial pleading, per § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court'."[23] Additionally, the Fifth Circuit has rejected a "due diligence" standard that would require a defendant to inquire as to the amount in controversy and has instead set out a bright line rule.[24] If a plaintiff wants the 30-day period in § 1446(b)(1) to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount."[25]  The initial pleading in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Accordingly, the 30-day period for removing the action set out in § 1446(b)(1) was not triggered by service of the initial pleading.

Despite Plaintiff's failure to include an allegation regarding the amount of damages in his initial pleading, Plaintiff argues that settlement correspondence exchanged between the parties

---

[21] *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

[22] *Schaefer v. Kodiak Mfg., Inc.*, 2011 WL 1656081, at *3 (E.D. La. May 2, 2011) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)).

[23] *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)) (emphasis added by *Mumfrey*).

[24] *Chapman*, 969 F.2d at 163.

[25] *Id.*

before the *Petition for Damages* was served put GEICO on notice of the amount in controversy. Plaintiff attaches to his *Motion to Remand* a January 29, 2021 settlement demand letter for $280,000, which set forth Plaintiff's injuries in detail[26] and a February 3, 2021 email from GEICO countering with a proposed settlement for $135,000.[27] This argument, however, has been expressly rejected by the Fifth Circuit. For an "other paper" to trigger the 30-day time period set forth in § 1446(b)(3), that "other paper" must be received by the defendant *after* the defendant receives the initial pleading.[28] The settlement demand prior to service of the *Petition for Damages* on GEICO, is insufficient to trigger the 30-day removal time limit. Had Plaintiff wanted to trigger the 30-day removal window with service of his *Petition for Damages*, he merely had to include a specific allegation that damages exceed the federal jurisdictional amount. He failed to do so.

Turning now to whether removal was timely under § 1446(b)(3), *i.e.*, within 30 days of Defendant's receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," GEICO asserts Plaintiff's failure to respond to its Requests for Admission by March 27, 2021, triggered the 30-day removal window. At least one court has reached the conclusion that unanswered discovery responses constitute an "other paper" under § 1446(b).[29] This Court need not reach the issue because GEICO's removal was timely whether the unanswered discovery requests triggered the 30-day removal clock or not. Either: (1) the removal clock began to run when Plaintiff failed to respond to the Requests for Admission by March 27, 2021 and the *Notice of Removal* was timely filed on

---

[26] R. Doc. 8-3.

[27] R. Doc. 8-2.

[28] 969 F.2d at 164 (finding that a pre-suit letter from plaintiff's counsel advising of medical expenses exceeding the jurisdictional threshold as well as pre-suit receipt of medical bills did not trigger the 30-day "other paper" deadline upon defendant's receipt of the initial pleading because "[b]y its plain terms, the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' after it receives the initial pleading.").

[29] *Gayden v. Winn-Dixie Montgomery, Inc.,* 2014 WL 433503 (ED. La. Feb. 4, 2014).

Case 3:21-cv-00236-SDJ    Document 31    12/07/21   Page 6 of 6


April 22, 2021, or (2) the removal clock was not triggered before GEICO filed its *Notice of Removal* on April 22, 2021.

Accordingly, this Court finds that GEICO's removal was timely.

**IT IS HEREBY ORDERED that** Plaintiff's *Motion for Remand* (R. Doc. 8) is **DENIED.**

Signed in Baton Rouge, Louisiana, on December 7, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**