UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TYLER HARP

VERSUS

GARRET THOMPSON, GEICO CASUALTY
COMPANY AND PROGRESSIVE PALOVERDE
INSURANCE COMPANY

CIVIL ACTION

NO. 21-236-SDJ

# ORDER

Before the Court is a Notice of Special Appearance and Motion to Dismiss Pursuant to Rule 12(b)(5) for Insufficiency of Service of Process filed by Defendant Garrett Thompson on October 13, 2021. (R. Doc. 28). For the reasons below, the motion is **DENIED**.

## I.   Procedural Background

This case arises from a car accident between Plaintiff Tyler Harp and Defendant Garret Thompson on February 3, 2020, in Baton Rouge, Louisiana. Plaintiff initially filed this suit in Louisiana state court on February 2, 2021, naming as defendants the driver Garret Thompson, liability insurance provider Geico Casualty Company, and uninsured motorist insurance provider Progressive Paloverde Insurance Company. Geico removed the action to this Court on April 22, 2021, with affirmative consent from Progressive and a note that Thompson had not yet been served. (R. Doc. 1). Plaintiff entered a Motion for Remand on May 21, 2021 (R. Doc. 8), which was later denied (R. Doc. 31). Progressive was dismissed on May 26, 2021. (R. Doc. 13).

The instant Motion to Dismiss was filed by special appearance of Thompson on October 13, 2021. (R. Doc. 28). Plaintiff filed a memorandum in opposition on November 3, 2021 (R. Doc. 29), and Thompson filed a reply on November 17, 2021 (R. Doc. 30).

## II.     Plaintiff's Attempts at Service

Service regarding notice of the state court filing was attempted on all Defendants on or around February 9, 2021, including a copy of the petition and citation sent to Thompson by certified mail at 115 Rockhaven Drive, Madison, Alabama. (R. Doc. 29-4 at 1). According to United States Postal Service tracking data, the letter was marked "Unclaimed/Being Returned to Sender" on March 12, 2021; however, as of the date of this writing, its status remains "In-Transit" and was never returned to the sender. (R. Doc. 29-4 at 1). On April 22, 2021, Geico filed its Notice of Removal, noting that Thompson was a resident of Madison, Alabama, at the time of the accident and had not yet been served. (R. Doc. 1 at 5).

On June 6, 2021, Geico sent its initial disclosures to Plaintiff, including Thompson's address at 115 Rockhaven Drive, Madison, AL 70769. (R. Doc. 29-1 at 1). On June 24, a Joint Status Report notes that Thompson was never served with the petition for damages. (R. Doc. 15 at 4). On or around June 28, 2021, Plaintiff again sent a copy of the petition and citation to Thompson at the address provided by Geico. This time the letter was returned on or around July 19, 2021, marked as "Unable to Forward/Return to Sender". (R. Doc. 29-4 at 1).

On August 17, 2021, Plaintiff filed a motion requesting appointment of a process server for Thompson. (R Doc. 18). The motion was denied as unnecessary—anyone of age can serve process upon this defendant—but this Court extended the deadline to serve Thompson to September 27, 2021. Upon Plaintiff's request, summons was issued as to Thompson at 115 Rockhaven Dr. on August 27, 2021 (R. Doc. 23). On September 23, 2021, this summons was served by private investigator and left with Timothy Maples—Thompson's stepfather—at Maples's current residence at 228 Oakfair Drive, Rogersville, Alabama. (Proof of Service R. Doc. 27; Declaration of Timothy Maples, R. Doc. 28-2). On September 24, 2021, summons was issued

as to Defendant Thompson at 7440 S. Kearney Road, Whitmore Lake, Michigan, (R. Doc. 26). Plaintiff's attorney also spoke with Thompson's brother and grandmother and attempted to locate Thompson and several of his family members in online databases. (R. Doc. 29-5, 29-6).

### III. Arguments of the Parties

Addressing only Plaintiff's attempted service at 228 Oakfair Drive, Thompson argues that Plaintiff failed to establish proper domiciliary or personal service up on Thompson because service was attempted at an address where Thompson did not reside. (R. Doc. 28-1 at 5). Thompson further claims that Plaintiff's Proof of Service regarding this attempt (R. Doc. 27) does not meet proof requirements of Federal Rule of Civil Procedure 4(l)(1). (R. Doc. 28-1 at 7-8). Finally, Thompson argues that because Plaintiff's attempt at service was defective, Plaintiff has now failed to properly serve Thompson within the time period set by this Court. (R. Doc. 28-1 at 11).

Where Thompson's motion almost exclusively addresses the instance of service at 228 Oakfair Dr. in September 2021, Plaintiff's opposition focuses solely on long-arm service attempted by certified mail at 115 Rockhaven Dr. in February and June 2021. Plaintiff argues that service under the Louisiana Long Arm Statute[1] was perfected by sending the complaint to Thompson by certified mail. (R. Doc. 29 at 5). Plaintiff claims that because 115 Rockhaven Dr. was the address provided in Geico's initial disclosures, there was no reason for Plaintiff to believe this service was deficient. (R. Doc. 29 at 7). Plaintiff argues in the alternative that this Court has good cause to extend time for service under Federal Rule 4(m) because of Plaintiff's repeated attempts at service at various addresses associated with Thompson and his relatives. (R. Doc. 29 at 8).

---

[1] La. R.S. 13:3204(A)

Finally, Thompson in his response asks the Court to disregard all argument about any service other than the attempted personal service at 228 Oakfair Dr. (R. Doc. 30 at 1). Thompson claims that because his Motion to Dismiss is based solely on the attempted domiciliary service, Plaintiff has not met his burden to prove sufficient service by invoking only the Long Arm Statute. (R. Doc. 30 at 2). In the alternative, Thompson argues that unlike other cases finding proper service under the Long Arm Statute, Thompson's correct address is in question here. (R. Doc. 30 at 3). Namely, Thompson argues that at the times of Plaintiff's mailed service attempts, Thompson was not domiciled at 115 Rockhaven Dr. (R. Doc. 30 at 4).

## IV.  Discussion

Because the parties address separate instances of attempted service, the Court will address each in turn. The burden of demonstrating the validity of service when an objection is made lies with the party making service. *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992)). The Court rejects Thompson's request that earlier instances of attempted service be disregarded; if Plaintiff can show that an earlier instance of service met the technical requirements of proper service, he will have met his burden of proving service upon Thompson was perfected. Later insufficient service of the same document will not render the perfected service moot. And if the Court decides that service was not perfected, Plaintiff's prior attempts are nonetheless relevant.

### A.  Service by Long Arm Statute at 115 Rockhaven Dr.

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.,* 213 Fed.Appx 343, 344 (5th Cir. 2007). Rule 4(e) of

the Federal Rules of Civil Procedure states that service within a judicial district of the United States may be made by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4. The Louisiana Long Arm Statute provides that a non-resident defendant may be served by a plaintiff sending to that defendant, via registered or certified mail, a certified copy of the summons and complaint. La. R.S. 13:3204(A). There is no requirement that the plaintiff receive a signed return receipt, and service is perfected when the petition and summons are sent. *McFarland v. Dippel*, 756 So.2d 618, 622 (La.App. 1st Cir. 2000) ("[A]ll that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person."); *HTS, Inc. v. Seahawk Oil & Gas, Inc.*, 889 So.2d 442, 444–45 (La.App. 3d Cir.2004) ("There is no requirement under § 3204 for a signed return receipt.").

Where a defendant's correct address is in dispute, even when the mailing address was indicated in the record, this Court has held that service was not perfected when the defendant did not reside at the address at the time of service and plaintiffs did not attempt to find the correct address at the time of attempted service. In *Grace v. Myers*, the plaintiff obtained the defendant's

address at the time of a traffic accident, but there was no indication that the defendant or anyone authorized to receive service on his behalf was residing at that address at the time of service; the mail was marked unclaimed and returned to sender. *Grace v. Myers*, No. 15-300, 2015 WL 4939893, at *5 (M.D. La. Aug. 18, 2015). Likewise, in *Kelly v. Arch*, this Court found a defendant was not properly served when plaintiff attempted long arm service to the stale address listed on the police report regarding an accident that had happened approximately a year before service was attempted. *Kelly v. Arch Ins*. Co., No. 15-00772, 2016 WL 3951424, at *6-*7 (M.D. La. June 9, 2016).

Here, Plaintiff attempted service on Thompson at 115 Rockhaven Dr. on February 9 and June 28, 2021. (R. Doc. 29-4 at 1). This address is the one that appears on the police report regarding the traffic accident that gives rise to this action. (R. Doc. 29-2 at 3). It is the same address provided in Geico's initial disclosures dated June 6, 2021.[2] (R. Doc. 29-1 at 1). The February mailing was marked "Unclaimed" and returned to sender, but it never physically made it back to Plaintiff.[3] (R. Doc. 29-4 at 1). The June mailing was marked "Unable to Forward" and physically returned to Plaintiff on or about July 19, 2021. (R. Doc. 29-4 at 17-20). After these clear attempts to comply with the Louisiana Long Arm Statute, Plaintiff attempted to locate Thompson through several internet database searches, contacting family members, and enlisting a private investigator. (R. Doc. 29-5).

---

[2] The Court notes that the same attorney who signed the initial disclosures containing 115 Rockhaven Dr. as Defendant Thompson's address is the one here arguing that Thompson did not reside at that address at the time of either of Plaintiff's mailings.

[3] Courts have not found "unclaimed" status to be an impediment to perfected service; the status gives no indication as to defendant's knowledge of the mailing, and it is well settled that litigants may not defeat service by refusing to accept a letter containing a citation. *McFarland* 756 So.2d. at 622. Indeed, this is why service is perfected upon mailing rather than receipt—to ensure defendants cannot evade service by refusing to accept a certified letter. *HTS, Inc.*, 889 So.2d at 444-45.

Like plaintiffs in *Grace* and *Kelly*, Plaintiff here initially relied on stale information from the police report; unlike those plaintiffs, however, Plaintiff here also relied on information provided by Defense counsel in initial disclosures and made considerable effort to locate Thompson and perfect service. However, despite Plaintiff's efforts, Thompson makes a special appearance here, reserving his rights and averring that neither he nor anyone authorized to accept service on his behalf resided at 115 Rockhaven Dr. at the time of service. (R. Doc. 28-2). *Cf. Major v. Patriot Disaster Servs. LLC*, No. 15-866, 2017 WL 457656, at *3 (M.D. La. Feb. 2, 2017) (finding service was perfected when plaintiff relied on defense counsel's representations but defendant did not reserve rights and did not supply evidence that the address of service was incorrect). There is no evidence in the record to indicate that Thompson has been made aware of this litigation. Therefore, the Court finds that Plaintiff service upon Thompson was not perfected at 115 Rockhaven Dr., as the record shows that Thompson did not reside at that address at the time of attempted service.

### B. Service in Person at 228 Oakfair Dr.

In order to perfect domiciliary service under Rule 4(e)(2), the summons and complaint must be delivered to the defendant personally, left at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivered to an agent authorized to receive service of process. Here, a private investigator left the summons and copy of the complaint with Timothy Maples, Thompson's step-father, at Maples's residence at 228 Oakfair Dr. (R. Doc. 27).[4] While Thompson may have resided with Timothy Maples at 115 Rockhaven Dr., the record shows that Thompson did not reside at or even visit Maples's new residence at 228

---

[4] Thompson argues that the referenced proof of service is defective because it is "not made via an affidavit" as required by Rule 4(l)(1). (R. Doc. 28-1 at 8). This argument based on a misinterpretation of the rule and definition of "affidavit" for these purposes. The Court directs Defendant to 28 U. S.C.A. § 1746.

Oakfair Dr. (R. Doc. 28-2). There is no evidence in the record showing that Maples was authorized to accept service on Thompson's behalf. Therefore, service upon Timothy Maples does not meet the requirements of Rule 4(e)(2) and cannot be considered perfected service upon Thompson.

### C. Compliance with Rule 4(m)

Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If, however, the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. *Id*. "Good cause" requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified' is normally required." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir.1985) (quoting 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1165 at 622).

Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service. *Id*. A discretionary extension may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." FED.R.CIV.P. 4(m) advisory committee's note (1993). The statute of limitations mean that even if dismissed without prejudice, this dismissal would preclude any further litigation. Thus, we treat it as a dismissal with prejudice and apply a heightened standard of review. *McGrew v. McQueen*, 415 Fed. Appx. 592, 594-96 (5th Cir. 2011). A district court's "dismissal with prejudice is warranted only where 'a clear record of delay or contumacious conduct by the plaintiff' exists and a 'lesser sanction would not better serve the interests of justice.'" *Gray*

*v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir.1981) (quoting *Durham v. Fla. East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir.1967), and *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir.1970)). Additionally, where the Fifth Circuit has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

Here, Plaintiff initially relied upon a stale address, but then relied upon Defense counsel's attestation to the accuracy of the same address in their initial disclosures. After Plaintiff was made aware of the incorrect address, Plaintiff made several attempts through different methods to locate Thompson's correct current address. As in *Major v. Patriot*, Plaintiff attempted to verify Defendant's address and relied on an address provided by Defense counsel when attempting service. Defense counsel's representations "put plaintiffs on the horns of a dilemma—are they to serve [defendant] based upon the address provided by defense counsel, or the address that plaintiffs' private investigator believes [defendant] is located. Justifiably, plaintiffs served [defendant] at the address provided by defense counsel." *Major v. Patriot Disaster Servs. LLC*, No. 15-866, 2017 WL 457656, at *3 (M.D. La. Feb. 2, 2017). Because Plaintiff's delay in service was in part due to representations by Defense counsel, because dismissal would amount to dismissal with prejudice, and because there are no aggravating factors, the Court declines to dismiss on the grounds of failure to serve within the given time limits.

**V.    Conclusion**

For the reasons above, **IT IS ORDERED** that the Motion to Dismiss (R. Doc. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that Defense counsel will provide Plaintiff with updated contact information for Thompson or certify that the address provided in initial disclosures remains Thompson's last known address by **October 7, 2022.**

**IT IS FURTHER ORDERED** that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline for Plaintiff to serve the Defendant Garrett Thompson is extended to **October 21, 2022**. Plaintiff is advised that a failure to serve this Defendant by this date may result in the dismissal of his claims against Garrett Thompson, without prejudice, for failure to timely serve. See Fed. R. Civ. P. 4(m).

Signed in Baton Rouge, Louisiana, on September 30, 2022.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**